## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RIVERWALK HOSPITALITY, INC.** **d/b/a KNIGHTS INN,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.: 5:22-cv-01291** |
| **v.** | § § § | |
| **GENERAL STAR INDEMNITY COMPANY,** | § § § § | |
| **Defendant.** | § | |

### DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Defendant General Star Indemnity Company, ("General Star" or "Defendant") and files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

### I.
### SUMMARY OF NOTICE

1.      This lawsuit arises out of Plaintiff Riverwalk Hospitality, Inc d/b/a Knights Inn ("Plaintiff") claim for coverage under a property insurance policy issued by General Star for damage purportedly sustained to property owned by Plaintiff.  Plaintiff asserts several common law and statutory causes of action against General Star – a foreign insurance company organized under the laws of Delaware, with its principal place of business in Connecticut.

2.      Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and General Star, removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## INTRODUCTION

3.      Plaintiff commenced this action on August 16, 2022, by filing Plaintiff's Original

Petition ("Original Petition") in the 131st Judicial District Court, Bexar County, Texas – Cause

No. 2022CI15627. Plaintiff then filed its Second Amended Petition on November 22, 2022. As

provided in the State Court Docket Sheet, Plaintiff has not formally served General Star with either

the Original Petition or Amended Petition.

4.      Counsel for Defendant agreed to waive service on November 2, 2022 based on

receipt of Plaintiff's Original Petition. General Star had thirty days from the date on which it

waived service to remove, which was on November 2, 2022. *See* 28 U.S.C. § 1446(b); *George–*

*Baunchand v. Wells Fargo Home Mortg., Inc.,* Civ. A. No. H–10–3828, 2010 WL 5173004, at *4

(S.D. Tex. Dec.14, 2010). General Star thus files this Notice of Removal within the 30-day period

required by 28 U.S.C. § 1446(b)(2)(B).

5.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court

where the action is pending is located in this district.

## III.
## BASIS FOR REMOVAL

6.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between

the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys'

fees. These two conditions are clearly satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and General Star**

7.      Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains,

organized under the laws of the State of Texas with its principal place of business in San Antonio,

Texas.  Thus, Plaintiff is a citizen of Texas for purposes of this Court's diversity jurisdiction.

---

8.      Defendant General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut. General Star is thus a citizen of Delaware and Connecticut for diversity jurisdiction purposes

9.      Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and General Star.

**B.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

10.     Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[1]

11.     Here, Plaintiff's Amended Petition states that Plaintiff's damages are in excess of $250,000.[2] General Star denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, this Court has

---

[1]    *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[2]    *See* Plaintiff's Amended Petition, Exhibit B.

jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

**IV.**
**COMPLIANCE WITH 28 U.S.C. § 1446**

13.     As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

> a.  the docket sheet in the state court action, attached as Exhibit A to this Notice of Removal; and
>
> b.  each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibit B to this Notice of Removal.

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and General Star will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant General Star Indemnity Company hereby provides notice that this action is duly removed from the 131st Judicial District Court, Bexar County, Texas – Cause No. 2022CI15627, to the United States District Court for the Western District of Texas, San Antonio Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:  */s/ Kristin C. Cummings*
    Kristin C. Cummings
    Texas Bar No. 24049828
    kcummings@zellelaw.com
    Hanna Kim
    Texas Bar No. 24100926
    hkim@zellelaw.com


901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    (214) 742-3000
Facsimile:     (214) 760-8994

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on December 2, 2022, in accordance with the Federal Rules of Civil Procedure, by electronic filing as follows:

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com
eservice@cwilsonlaw.com

**ATTORNEYS FOR PLAINTIFF**


            */s/ Kristin C. Cummings*
            Kristin C. Cummings